UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               Judgment Creditor,

      v.

THOMAS HOEY, JR.,

               Judgment Debtor,

     and

ESTATE OF JOHN REINA, and OCEAN
HARBOR CASUALTY INSURANCE
COMPANY,

               Garnishees.

15 CR 0229 (PAE)

## MEMORANDUM OF LAW IN SUPPORT OF
## THE GOVERNMENT'S MOTION FOR FINAL ORDER OF GARNISHMENT

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2711
Email:  melissa.childs@usdoj.gov

Of Counsel:

MELISSA A. CHILDS
Assistant United States Attorney

**PRELIMINARY STATEMENT**

The United States (the "Government") moves, with notice to the judgment debtor, THOMAS HOEY, JR., for entry of a final order of garnishment (1) directing the garnishee, ESTATE OF JOHN REINA, to submit 50% of the funds in its checking account number ending in 8330 to the Clerk of Court for application to THOMAS HOEY, JR.'s unpaid restitution balance; (2) directing the Clerk of Court to apply 50% of the funds on deposit in the Court's registry from the garnishee, OCEAN HARBOR CASUALTY INSURANCE COMPANY ("Ocean Harbor"), toward THOMAS HOEY, JR.'s unpaid restitution balance; and (3) directing the Clerk of Court to release 50% of the funds deposited by Ocean Harbor to the ESTATE OF JOHN REINA, as the co-owner of the funds held in the Court's registry.

**BACKGROUND**

Upon Hoey's convictions for embezzlement from an employee benefit plan, interstate transportation of stolen money, wire fraud, and money laundering, this Court sentenced him, on July 25, 2016, to serve 78 months of imprisonment,[1] followed by three years of supervised release, and ordered him to pay $650,936.20 in restitution to nearly a dozen victims who were participants in the employee benefit plan from which he stole.[2] Upon entry of judgment, the restitution order became a lien on all property and rights to property of Hoey. *See* 18 U.S.C. § 3613(c).

---

[1] In a separate case, 11-CR-337 (PKC), Hoey was also convicted of conspiracy and possession with intent to distribute cocaine, conspiring to suborn perjury, and obstruction of justice. This Court ordered that 12 months of Hoey's sentence was to be served concurrently, and 66 months was to be served consecutively, to the sentence imposed in 11-CR-337 (PKC). Due to a presidential commutation of the custodial portion of his sentences (Dkt. 155), Hoey was released from prison on December 20, 2024. *See* Bureau of Prisons Inmate Locator for Register No. 92147-054 at https://www.bop.gov/inmateloc/ (visited March 11 2026).

[2] *See* Judgment (Dkt. 100); Amended Judgment (Dkt. 131); Restitution Order (Dkt. 101). The Court entered a separate forfeiture money judgment in the amount of $763,000 (Dkt. 99), which represents the proceeds of Hoey's crime, not the losses his victims suffered. *United States v. Torres*, 703 F.3d 194, 203-05 (2d Cir. 2012) (citing *United States v. Pescatore*, 637 F.3d 128, 138 (2d Cir. 2011) ("[f]orfeiture and restitution are separate remedies with different purposes")).

Pursuant to 18 U.S.C. § 3612(f), interest accrues on the unpaid restitution balance at the rate of 0.52%. In the 116 months since his sentencing, Hoey has made voluntary payments totaling $113,752.12 toward his restitution, and the unpaid balance owed to his victims is $567,034.40 (comprised of $537,184.08 in principal plus $29,850.32 in accrued interest). *See* Payment History Report attached as Exhibit A. During his term of imprisonment, in April 2022, Hoey sued the Estate of John Reina[3] seeking to recover rental income and proceeds from the sale of the real property at 33 Flintlock Drive, Shirley, New York ("the Lawsuit").[4] While the Lawsuit was pending, a fire destroyed the property in August 2025, and insurance proceeds became payable to Hoey and the Estate of John Reina.

To secure its interest in Hoey's substantial nonexempt property, the Government sought, obtained, and served writs of garnishment directed to the Estate of John Reina and Ocean Harbor seeking substantial nonexempt property belonging to or due to Hoey. *See* Garnishment Process (Dkts. 157-59, 161). After each garnishee had been served, the Government sent a copy of the garnishment process to Hoey. *See* Certificate of Service (Dkt. 161). The exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a) are listed in the Clerk's Notices that Hoey and the garnishees received. *Id.*

Garnishee Estate of John Reina answered the writ stating that it held $460.12 in a checking account number ending in 8330, half of which belongs to Hoey, and three unnegotiated checks

---

[3] John Reina was one among many victims of Hoey's crimes. When he died on August 14, 2019, the restitution became payable to his estate.

[4] *See Thomas Hoey, Jr. v. Danielle Jones, Executrix of the Estate of John Reina*, No. 606585/2022 (Sup. Ct., Suffolk Co., NY) ("the Lawsuit"). Although the public real property records for Suffolk County show that Hoey and John Reina purchased 33 Flintlock Drive, Shirley, New York as tenants in common in 1997, it does not appear that Hoey disclosed his interest in this real property to the United States Probation Office before sentencing in this case. *See* Presentence Reports dated May 12, 2016 (Paras. 74-77) and/or June 17, 2019 (Paras. 70-74).

totaling $253,573.92 payable to the Estate of John Reina and Hoey issued by Ocean Harbor, which represents insurance proceeds payable to them from their co-owned real property, half of which belongs to Hoey. *See* Answer (Dkt. 160). Garnishee Ocean Harbor answered the writ by requesting an order allowing it to deposit the insurance proceeds with the Court and to be discharged from further obligation under the writ pursuant to 28 U.S.C. § 3206. *See* Answer (Dkt. 164). Ocean Harbor then filed a supplemental answer stating that it held insurance proceeds payable to Hoey and the Estate of Reina for the following losses regarding the co-owned and insured real property at 33 Flintlock Drive, Shirley, New York:

| Date | Insured | Property | Loss Payable to | Amount |
|---|---|---|---|---|
| 11/03/2025 | John Reina | Building | Estate of John Reina and Thomas Hoey, Jr. | $231,432.84 |
| 11/03/2025 | John Reina | Rental | Estate of John Reina and Thomas Hoey, Jr. | $20,016.00 |
| 11/03/2025 | John Reina | Personal Property | Estate of John Reina and Thomas Hoey, Jr. | $2,125.08 |
| **Total** | | | | **$253,573.92** |

*See* Answer (Dkt. 169). The Court granted Ocean Harbor's request to deposit the sum of $253,573.92 into the Court's registry and to be discharged from any further obligation to Hoey, the Estate of Reina, and/or the Government in this garnishment proceeding. *See* Order to Deposit Funds in Court Registry (Dkt. 170).

The FDCPA, 28 U.S.C. §§ 3202(d) and 3205(c)(5), requires judgment debtors to file a claim for exemption, objection to a garnishee's answer, or request for a hearing within 20 days after service. The Government served the garnishment process on Hoey by U.S. Mail on January 23, 2026. *See* Certificate of Service (Dkt. 161). The garnishees served their answers on Hoey by U.S. Mail in late January and early March 2026. *See* Answers (Dkts. 160, 164, 169). Hoey filed a

letter motion that acknowledged receipt of the garnishment process and requested court-appointed counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to respond to the garnishment. *See* Letter (Dkt. 162). The Court denied Hoey's request for CJA counsel because a writ of garnishment to collect a criminal debt is a civil proceeding for which there is no Sixth Amendment right to counsel, and Hoey neither established his inability to hire retained counsel nor a position "likely to be of substance" to warrant appointed counsel.[5] *See* Order (Dkt. 163).

Hoey has not filed a claim of exemption or objection to either garnishee's answer. Instead, on March 25, 2026, Hoey emailed the Government a copy of a letter he alleges to have sent to the Court in which he requested that the Court defer ruling in this garnishment proceeding until the conclusion of the Lawsuit. *See* Hoey's undocketed letter to the Court dated March 24, 2026 attached as Exhibit B. Counsel for the Estate of Reina informed the Government that Hoey's letter contained multiple misrepresentations and provided a copy of a judgment entered in the Lawsuit that awarded $18,699.72 in attorney's fees to the Estate of Reina as a sanction for Hoey's frivolous litigation. *See* Judgment entered March 19, 2026 attached as Exhibit C.

To comply with the Crime Victim Rights Act, the Government has also notified the victims of Hoey's crimes of this motion so they may be heard before the Court enters a dispositive order that affects their right to full and timely restitution as provided in law. *See* 18 U.S.C. § 3771(a).

---

[5] Hoey and Joseph Andraga, the attorney who represents him in the Lawsuit, have repeatedly contacted the Government seeking to discredit the heirs of John Reina and claim that 100% of the insurance proceeds subject to garnishment belongs to Hoey. The Government acknowledged the Lawsuit and informed them that they should provide any judgment or settlement agreement entered therein, which may result in credit to Hoey's restitution balance and deduction from the Reina victims' loss amount for any amount later recovered by a victim in any State civil proceeding *for the same loss* for which restitution was ordered. *See* 18 U.S.C. § 3664(j)(2) (emphasis supplied); *United States v. Smathers*, 879 F.3d 453, 460-61 (2d Cir. 2018) (affirming denial of reduction in restitution, allocating burden to prove that victim's recoveries in civil litigation were for the same loss for which defendant was ordered to pay restitution).

### ARGUMENT

The Government may enforce a criminal restitution order in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law for up to 20 years after a defendant's release from imprisonment. *See* 18 U.S.C. §§ 3613(a), (b), and (f); 18 U.S.C. §§ 3664(m)(1)(A)(i) and (ii); and 28 U.S.C. § 3003(b)(2). The civil enforcement remedies may be used to collect restitution within the criminal case in which the defendant was originally convicted. *United States v. Cohan*, 798 F.3d 84, 89 (2d. Cir. 2015) ("nothing precludes the government from initiating a collection proceeding under an existing criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence."). Pursuant to 18 U.S.C. §§ 3613, 3664(m), 3771(a)(6) and 28 U.S.C. § 3205, the Court should enter a final order of garnishment (1) directing the Estate of Reina to submit 50% of the funds in its checking account number ending in 8330 to the Clerk of Court for application to Hoey's unpaid restitution balance; (2) directing the Clerk of Court to apply 50% of the funds that Ocean Harbor deposited into the Court's registry toward restitution; and (3) directing the Clerk of Court to release 50% of the funds on deposit to the Estate of Reina as the co-owner of the funds that Ocean Harbor deposited into the Court's registry.

I. **The restitution order is a statutory lien that automatically attaches to all property and rights to property of the defendant.**

The Mandatory Victims Restitution Act ("MVRA") makes restitution mandatory for certain crimes, including Title 18 offenses against property and any offense committed by fraud or deceit. 18 U.S.C. §§ 3663A(a)(1), and 3663A(c)(1)(A)(ii). The MVRA requires the Court to order the full amount of restitution to victims of crime regardless of the defendant's economic circumstances. 18 U.S.C. §§ 3663A and 3664(f). The rule is immediate payment in full unless the interests of justice warrant payment in installments. 18 U.S.C. § 3572(d)(2). The Crime Victim

Rights Act ("CVRA") also requires the Court and the Government to afford crime victims the right to full and timely restitution as provided in law. 18 U.S.C. §§ 3771(a)(6), (b)(1), (c)(1).

Pursuant to 18 U.S.C. § 3613(c), upon entry of a criminal judgment, a lien automatically arises in favor of the Government on all property and rights to property of the defendant in the same manner as a federal tax lien. Moreover, 18 U.S.C. § 3613 explicitly provides that "*[n]otwithstanding any other federal law,*" 18 U.S.C. § 3613(a), a judgment imposing a restitution order is a lien in favor of the Government on "*all property and rights to property*" of the defendant, with very few exemptions. 18 U.S.C. §§ 3613(a)(1)-(3) and (c). The Supreme Court has squarely held that a "notwithstanding" clause, like the one in § 3613(a), evinces Congressional intent to supersede conflicting provisions of any other statute, like the payment schedule provisions in § 3572(d) and §§ 3664(f), (k). *See Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993) ("As we have noted previously in construing statutes, the use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.") (citing *Shomberg v. United States*, 348 U.S. 540, 547–548 (1955) and collecting appellate opinions finding similar "notwithstanding" language supersedes all other laws because "[a] clearer statement is difficult to imagine.").

Federal criminal judgment liens, like federal tax liens, however, are not self-executing; the Government must take affirmative action to enforce collection of unpaid judgments and taxes. *EC Term of Years Trust v. United States*, 550 U.S. 429, 430–31, 127 (2007); *United States v. National Bank of Commerce*, 472 U.S. 713, 720 (1985); *United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th. Cir. 2012). Accordingly, in this case, the Government, as a judgment creditor with a criminal restitution judgment secured by the statutory lien expressly provided for in 18

U.S.C. § 3613(c), seeks garnishment of Hoey's nonexempt assets toward satisfaction of his criminal judgment. 18 U.S.C. §§ 3613(a), (f), 3664(m); 28 U.S.C. §§ 3003(b)(2), 3205.

## II.      Garnishment of the defendant's nonexempt assets is proper.

The FDCPA provides that within 20 days of service of receiving notice of the garnishment, judgment debtors may request a hearing to determine: (1) the probable validity of any claim for exemption; (2) the compliance with the statutory requirement for the issuance of the writ; or (3) certain issues that pertain to the enforcement of default judgments. *See* 28 U.S.C. §§ 3202(b), (d). In this case, the Government is enforcing a criminal restitution judgment, not a default judgment; it complied with the statutory requirements for the issuance of the writs of garnishment; and Hoey has neither filed a claim for exemption, nor an objection to either garnishee's answer, nor requested a hearing, and the time to do so has expired. Pursuant to 28 U.S.C. § 3205(c)(7), after a garnishee files an answer to the writ, if no hearing is requested within the required time period, the Court shall promptly enter an order directing the disposition of the judgment debtor's nonexempt interest in the property subject to the writ. No statute, rule, or case requires a court to hold a hearing when it has sufficient information before it to enter judgment. *See* 28 U.S.C. § 3202(d); Federal Rules of Civil Procedure 12(c) (judgment on the pleadings) and 78(b) (determination on briefs without oral hearings); *United States v. O'Brien*, 851 F. App'x 236, 239-40 (2d Cir. 2021) (affirming entry of garnishment order without a hearing).

Notwithstanding any other law, Hoey's restitution may be paid from the insurance proceeds in which he has a substantial nonexempt interest. 18 U.S.C. §§ 3613(a)-(f); *id.* §§ 3664(m)(1)(A)(i)-(ii); *United States v. Minneman*, 38 F. App'x. 321, 323 (7th Cir. 2002) (affirming garnishment of insurance proceeds (citing *United States v. Bess*, 357 U.S. 51, 56-57 (1958) (holding insurance proceeds are property or rights to property to which federal lien attaches and

government may enforce lien to recover proceeds))); *see also United States v. Hyde*, 497 F.3d 103, 107-09 (1st Cir. 2007) (affirming garnishment of the proceeds of a home sale); *United States v. Smith*, 768 F. App'x. 926, 934 (11th Cir. 2019) (affirming garnishment of lawsuit proceeds); *United States v. Lumiere*, No. 16 CR 483 (JSR), 2021 WL 4710778, at *3 (S.D.N.Y., Oct. 7, 2021) (endorsing garnishment of proceeds from apartment to which federal criminal judgment lien attached).

Just as the Internal Revenue Service does in tax cases, to collect restitution, the Government steps into the shoes of the defendant and may make an election on his behalf when he is eligible for a distribution but has not elected to receive one. *National Bank of Commerce*, 472 U.S. at 725. The Government's lien reaches every interest in property that a taxpayer may have. *Kane v. Guardian Capital,* 145 F.3d 1218, 1221 (10th Cir. 1998) (citing cases). The Government acquires whatever rights the debtor possesses, including the unelected right to withdraw funds from accounts or to convert accounts to cash. *Id.* at 1222-23. The effect of honoring the levy is the same as honoring the demand of the taxpayer. *Moore v. General Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996). Accordingly, the Government seeks to exercise Hoey's undisputed right to one-half of the insurance proceeds to pay toward the restitution owed to the victims of his crimes.

**III.        No other debt has legal priority over the restitution judgment.**

Finally, the Lawsuit between Hoey and the Estate of Reina does not change the analysis. The Government has examined the docket in the Lawsuit, and in more than four years since Hoey filed his complaint against the Estate of Reina, the only claim that has been adjudicated to judgment is the Estate of Reina's entitlement to $18,699.72 in attorney's fees from Hoey. Although Hoey alleges the Estate of Reina owes him money, no order or judgment for the award,

distribution, or partition of the real property at 33 Flintlock Drive, Shirley, New York, or any proceeds therefrom, has been docketed in the Lawsuit. Consequently, there is no impediment to this Court entering the final order of garnishment requested by this motion.

The restitution judgment became a lien on Hoey's property and rights to property, including 33 Flintlock Drive, Shirley, New York, and any proceeds therefrom on July 25, 2016. *See* Judgment (Dkt. 100); 18 U.S.C. § 3613; *United States v. McDermott*, 507 U.S. 447, 449 (1993) (property interests governed by priority of liens and common law principle that first in time is first in right); *Aquilino v. United States*, 363 U.S. 509, 512-14 (1960) (federal law determines priority rights and debt collection procedures while state law only determines extent of debtor's interest in property to which lien attaches). Unlike Hoey's contingent claims against the Estate of Reina, which remain pending adjudication in the Lawsuit, the Government is a secured judgment creditor with a perfected sum-certain interest in the insurance proceeds. The Government now seeks to execute its first-in-time-and-right lien against the insurance proceeds via the proposed final order of garnishment.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter the proposed final order of garnishment submitted with its motion for same.

Dated:  New York, New York
     April 23, 2026

                                     Respectfully submitted,

                                     JAY CLAYTON
                                     United States Attorney

By:    */s/ Melissa A. Childs*
          MELISSA A. CHILDS
          Assistant United States Attorney
          86 Chambers Street, 3rd Floor
          New York, New York 10007

**USA Memorandum in Support of Motion for Final Order of Garnishment – Page 9**

Tel.: (212) 637-2711
E-mail: melissa.childs@usdoj.gov

**Certificate of Compliance**

Pursuant to Local Civil Rules 6.3 and 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 2,747 words.