UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

      v.

THOMAS HOEY, JR.,

                Judgment Debtor,

     and

ESTATE OF JOHN REINA, and OCEAN
HARBOR CASUALTY INSURANCE
COMPANY,

                Garnishees.

15-CR-0229 (PAE)

**AMENDED
FINAL ORDER
OF GARNISHMENT**

WHEREAS, on July 25, 2016, the Court entered judgment against the Judgment Debtor, THOMAS HOEY, JR., in the amount of $651,336.20, comprised of a $400 special assessment and $650,936.20 in restitution to the victims of his crimes. *See* Judgment (Dkt. 100); Amended Judgment (Dkt. 131); Restitution Order (Dkt. 101);

WHEREAS, pursuant to 18 U.S.C. § 3612(f), interest accrues on the unpaid restitution balance at the rate of 0.52%;

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served Writs of Garnishment on the Garnishees, the ESTATE OF JOHN REINA, and OCEAN HARBOR CASUALTY INSURANCE COMPANY ("Ocean Harbor"), for substantial nonexempt property belonging to or due the Judgment Debtor, THOMAS HOEY, JR. (Dkts. 157-59 and 161);

WHEREAS, on January 23, 2026, in compliance with 28 U.S.C. § 3205(c)(4), the ESTATE OF JOHN REINA filed an Answer of the Garnishee and served a copy on the Government and the Judgment Debtor stating that it held $460.12 in a checking account number ending in 8330, half of which belongs to Hoey, and three unnegotiated checks totaling $253,573.92 payable to the Estate of John Reina and Hoey, which represents insurance proceeds payable to them from their co-owned real property, half of which belongs to Hoey. *See* Answer (Dkt. 160);

WHEREAS, on March 3 and 10, 2026, in compliance with 28 U.S.C. § 3205(c)(4), OCEAN HARBOR, filed Answers of the Garnishee and served copies on the Government and the Judgment Debtor stating that it held insurance proceeds payable to Hoey and the Estate of Reina for the following losses regarding the co-owned and insured real property at 33 Flintlock Drive, Shirley, New York ("the Shirley Property"), and requested an order allowing it to deposit these sums with the Court and to be discharged from further obligation under the writ pursuant to 28 U.S.C. § 3206:

| Date | Insured | Property | Loss Payable to | Amount |
|---|---|---|---|---|
| 11/03/2025 | John Reina | Building | Estate of John Reina and Thomas Hoey, Jr. | $231,432.84 |
| 11/03/2025 | John Reina | Rental | Estate of John Reina and Thomas Hoey, Jr. | $20,016.00 |
| 11/03/2025 | John Reina | Personal Property | Estate of John Reina and Thomas Hoey, Jr. | $2,125.08 |
| **Total** | | | | **$253,573.92** |

*See* Answers (Dkts. 164, 169);

WHEREAS the Court granted Ocean Harbor's request to deposit the sum of $253,573.92 into the Court's registry and to be discharged from any further obligation in this garnishment proceeding. *See* Order to Deposit Funds in Court Registry (Dkt. 170);

WHEREAS the Shirley Property is also the subject of a pending partition action in state court. *See Thomas Hoey, Jr. v. Danielle Jones, Executrix of the Estate of John Reina*, No. 606585/2022 (Sup. Ct., Suffolk Co., NY) ("the Lawsuit");

WHEREAS, in compliance with 28 U.S.C. § 3202(c), the Government served the Judgment Debtor, THOMAS HOEY, JR., with the garnishment process more than 120 days ago (Dkt. 161);

WHEREAS the FDCPA requires the Judgment Debtor to file a claim for exemption, objection to the Garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), and that time has expired without any such filing by or on behalf of the Judgment Debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after a Garnishee answers, and if no hearing is requested within the required time-period, the Court shall promptly enter an order directing the Garnishee as to the disposition of the Judgment Debtor's nonexempt interest in the property held by the Garnishee;

WHEREAS, upon the motion of the Government filed after the statutory time-period for claims, objections, or a request for hearing had passed, the Court entered a Final Order of Garnishment (Dkt. 175) on May 5, 2026;

WHEREAS the Final Order of Garnishment ordered the Garnishee, ESTATE OF JOHN REINA, to submit 50% of the funds in its checking account number ending in 8330 to the Clerk of Court for application to THOMAS HOEY, JR.'s unpaid restitution balance, which has occurred;

WHEREAS the Final Order of Garnishment ordered the Clerk of Court to apply 50% of the funds on deposit in the Court's registry from the Garnishee, Ocean Harbor, toward THOMAS HOEY, JR.'s unpaid restitution balance, which has yet to occur;

WHEREAS, upon providing notification of the garnishment proceeding to the victims of his crimes, the Government received objections from the Judgment Debtor and some of his victims

**Amended Final Order of Garnishment - Page 3**

who claimed that they are entitled 100% of the proceeds from the Shirley Property, and that co-owner and tenant in common John Reina (or his estate and/or heirs) should not be entitled to receive 50% of the garnished funds;

WHEREAS the Government provided copies of the correspondence received from the victims to the Court, and on May 20, 2026, the Court ordered the Government to further address the competing claims to the Shirley Property or proceeds therefrom (Dkt. 177);

WHEREAS the public real property records of Suffolk County, New York show the deed that granted the Shirley Property to THOMAS HOEY, JR. and John Reina is silent as to how title is held, and New York law presumes that they are tenants in common who own equal shares in the Shirley Property;

WHEREAS the filings in this case show it is undisputed that THOMAS HOEY, JR. is currently entitled to no less than 50% of the Shirley Property and proceeds therefrom as a co-owner and tenant in common under New York law;

WHEREAS the Judgment Debtor and some of the victims claim that they are entitled 100% of the proceeds from the Shirley Property, and that co-owner and tenant in common John Reina (or his estate and/or heirs) should not be entitled to receive 50% of the garnished funds due to the Lawsuit that seeks to partition the tenancy in common, sell the Shirley Property, and distribute the proceeds based on an accounting of each co-tenant's contributions therein;

WHEREAS allegations regarding the contributions made by the co-owners and tenants in common regarding the Shirley Property have been made in the Lawsuit, but those claims are pending adjudication in state court, and there is no evidence in the record before this Court to rebut the presumption of co-equal shares between tenants in common under New York law;

WHEREAS, under New York law, the unadjudicated claims to unliquidated damages in the Lawsuit cannot be offset from the federal criminal judgment that is due and payable in this Court;

WHEREAS, as of June 23, 2026, the Judgment Debtor, THOMAS HOEY, JR., has made payments totaling $115,267.18 and owes restitution in the amount of $566,393.24;

THEREFORE, the Government's supplemental filings (Dkts. 178-79) have satisfied the Court that the Judgment Debtor, THOMAS HOEY, JR., and the Government, by virtue of the 18 U.S.C. § 3613 lien that attached to his property and rights to property upon entry of this Court's judgment, has a present right to 50% of the Shirley Property and proceeds therefrom; accordingly

IT IS HEREBY ORDERED that the Government is entitled to garnish the substantial nonexempt property of the Judgment Debtor, and the Judgment Debtor is entitled to 50% of the funds held by the Clerk of Court, *see* 18 U.S.C. §§ 3613(a)-(f); *id.* §§ 3664(m)(1)(A)(i)-(ii); 28 U.S.C. §§ 3202, 3205;

IT IS FURTHER ORDERED that the Clerk of Court shall apply 50% of the $253,573.92 on deposit in the Court's registry, plus any accrued interest, toward THOMAS HOEY, JR.'s unpaid restitution balance and release 50% of the funds to the ESTATE OF JOHN REINA, as the co-owner and tenant in common of the Shirley Property and proceeds therefrom, including the funds currently held in the Court's registry.

Dated: New York, New York
     June 25    , 2026

*Paul A. Engelmayer*
UNITED STATES DISTRICT JUDGE

**Amended Final Order of Garnishment - Page 5**