ROSENBERG FORTUNA FILOSA & LAITMAN, LLP
ATTORNEYS AT LAW

Lee E. Riger, Partner
lee@rosenbergfortuna.com

September 14, 2026

***via ECF and email to*** ***EngelmayerNYSDChambers@nysd.uscourts.gov***
Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

**RE: *United States of America v. Thomas Hoey, Jr.,***
**Case No.: 15-cr-229(PAE)**

Dear Judge Engelmayer:

Our firm represents Danielle Jones, Executrix of the Estate of John Reina (the "**Estate**").

On May 5, 2026, Your Honor issued a "Final Order of Garnishment" directing, *inter alia*, "that the Clerk of Court shall release 50% of the funds deposited by Ocean Harbor to the Estate of John Reina, as the co-owner of the funds held in the Court's registry." (ECF 175).

The "Funds" refenced within the Court's order are defined within the order as those certain funds in the total amount of $253,573.92 received by the Clerk of the Court from Garnishee Ocean Harbor Casualty Insurance Company which constitute proceeds of a homeowner's insurance policy issued as the result of a loss concerning the complete destruction of real property located in Shirley, New York, owned by the Defendant Thomas Hoey, Jr., and the Decedent, John Reina, as tenants in common.

The Court directed that the remaining half of the insurance proceeds be paid to the Defendant's victims in order to satisfy Defendant Hoey's restitution obligations.

By Order dated May 20, 2026, the Court sought the Government's position as to whether there was a basis to reconsider the directives set forth in the Final Order of Garnishment in light of letters received by the Court from Defendant's family members. [ECF 177].

Upon consideration of the government's submission supporting the release of one-half of the insurance proceeds to the Estate, and, *inter alia*, the Court's consideration of the letters filed on Defendant's behalf, Your Honor issued an "Amended Final Order of Garnishment" on June 15, 2026, reaffirming the Court's directive that the Clerk of the Clerk release one-half of the insurance proceeds [$126,786.96] to the Estate. [ECF 182].

It has been nearly three months since the date of the Amended Final Order of Garnishment, and more than five months since the initial Final Order. To date, the proceeds held by the Clerk of the Court have not been received by the Estate despite the Court's orders, additional communication by the undersigned directly to the Clerk of the Court, and inquiry with the Clerk by the United States Attorney's Office, as an advocate for the Estate, which has been determined to be a victim of Mr. Hoey.

The sum of money to be disbursed is not inconsequential to the Estate, or its beneficiaries, the children of Mr. Reina. I write simply to request that the Court directs the Clerk to disburse the proceeds forthwith, in compliance with the Court's Final Orders of Garnishment so that the need for any further legal action on behalf of the Estate may be obviated.

Your Honor's attention to this matter is greatly appreciated.

Very truly yours,

*Lee E. Riger*

Lee E. Riger

cc: ***via email only to [Melissa.Childs@usdoj.gov](mailto:Melissa.Childs@usdoj.gov)***
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007
Attn: AUSA Melissa A. Childs

***via Federal Express and email to [criminaldebt@nysd.uscourts.gov](mailto:criminaldebt@nysd.uscourts.gov)***
Hon. Tammi M. Hellwig, Clerk of the Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

***Via email only to [jtakk1@adragnalaw.com](mailto:jtakk1@adragnalaw.com)***
Joseph T. Adragna, Esq.
Attorney for Defendant Thomas Hoey, Jr.
58 E. Main Street
Huntington, New York 11743